

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00228-CR

GEORGE RAY DAVIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 355th District Court
Hood Smith County, Texas
Trial Court No. CR-13792, Honorable Ralph H. Walton, Jr., Presiding

January 28, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

George Ray Davis appeals his conviction for indecency with a child through two issues. First, he contends that the trial court erred in not granting his attorney's motions for a mistrial and new trial. Then, he contends that the trial court erred in admitting hearsay evidence that fell outside the scope of statutory outcry. We affirm.[1]

---

[1] Because this appeal was transferred from the Second Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this Court. See TEX. R. APP. P. 41.3.

*Issue One*

Through issue one, we are told that appellant opted to heed the suggestion of his attorney and absent himself from trial after the first day. Allegedly, trial counsel informed him that the proceeding was not going well and his best option may be to leave the country. Counsel allegedly prefaced his comments by saying that the suggestion was not legal advice. When neither appellant nor defense witnesses appeared the following day, defense counsel "move[d] for a mistrial" because his "client ha[d] not shown up," his "witnesses ha[d] not shown up, which were family members," and "[t]hat [gave] [him] absolutely nothing for the defense . . . it [left him] with no argument, no evidence to put on." It was denied him, as was the ensuing motion for new trial filed upon being convicted and receiving a life sentence. Appellant seeks reversal by contending that he was impermissibly tried *in absentia* and "did [not] have an opportunity to mount a defense, because of his reasonable reliance on the advice of counsel."[2] Missing from his argument, though, is reference to any evidence or defense available if he were to be granted an "opportunity to mount a defense." We overrule the issue.

Statute provides that in felony prosecutions, the "defendant must be personally present at the trial . . . provided, however, that in all cases, when the defendant voluntarily absents himself after pleading to the indictment or information, or after the jury has been selected when trial is before a jury, the trial may proceed to its conclusion." TEX. CODE CRIM. PROC. ANN. art. 33.03 (West 2006). Questions like that before us essentially entails our assessing, in hindsight, of the validity of the trial court's determination that the defendant's absence was voluntary. *See Everett v. State*, No. 12-12-00152-CR, 2013

---

[2] Appellant does not argue that his attorney rendered ineffective assistance of counsel.

2

Tex. App. LEXIS 5016, at *9 (Tex. App.—Tyler Apr. 24, 2013, no pet.) (mem. op., not designated for publication). Consequently, we "will not disturb the trial court's finding of voluntary absence unless the defendant provides evidence to refute the trial court's determination." *Id.* In essence, the finding is factual which obligates us to defer to the trial court's ability to assess a witness's credibility and resolve evidentiary conflicts.

The record at bar indicates that a jury had been selected and trial had begun when appellant opted to heed the suggestion of his attorney and forgo appearing at the remainder of the trial.[3] Appellant later admitted (at the hearing on his motion for new trial) that he failed to appear so he could get a mistrial or new attorney. In proceeding with the trial and denying new trial, the trial court implicitly found appellant's absence to be voluntary. We find insufficient evidence of record or other basis to overcome that finding.

*Issue Two*

Through his second issue, appellant attacks the admission of a witness's testimony about being told by the victim that appellant sexually abused her. Allegedly, the testimony was not appropriate outcry. Yet, though appellant objected to it when first mentioned, he did not request a running objection or hearing outside the presence of the jury. Nor did he object when the subject was again mentioned by the witness. Under these circumstances, he waived his complaint. *See Lumsden v. State*, 564 S.W.3d 858, 888

---

[3] Like similar arguments made before some of our sister courts, appellant's contention that the trial court erred by carrying on with the proceeding in light of appellant's own decision to absent himself from the proceedings invokes notions of invited error. *See Jett v. State*, 319 S.W.3d 846, 854 (Tex. App.—San Antonio 2010, no pet.) (finding that the doctrine of invited error properly applied to an appellant's contention that article 33.03 was violated when he refused to be present for voir dire without engaging in wildly disruptive behavior); *Mestas v. State*, No. 05-04-01379-CR, 2007 Tex. App. LEXIS 6946 (Tex. App.—Dallas Aug. 29, 2007, no pet.) (mem. op., not designated for publication) (concluding that an appellant induced the error he complained of on appeal when he "voluntarily chose to absent himself from the proceedings and authorized his attorney to enter guilty pleas on his behalf"). "[T]he law of invited error estops a party from making an appellate error of an action it induced." *Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999) (en banc).

(Tex. App.—Fort Worth 2018, pet. ref'd) (holding that the objection was waived because like evidence came in elsewhere and appellant failed to object each time the objectionable evidence was offered, obtain a running objection, or request a hearing outside the presence of the jury to address the matter).

The issues are overruled, and the judgment is affirmed.

Per Curiam

Do not publish.